1 | **LAW OFFICES OF MAURO FIORE, JR.**
Mauro Fiore, Jr., State Bar No. 196857
2 | Sergio J. Puche, State Bar No. 289437
3 | 80 S. Lake Ave. Suite 710
Pasadena, CA 91101
4 | Telephone No.: (626) 432-4700
Fax No.: (626) 432-1712
5 |
6 | JILL F. TEITELBAUM, State Bar No. 184469
BRAGG & KULUVA
7 | 555 S. Flower Street, Suite 600
Los Angeles, California 90071
8 | Office No.: (213) 612-5335
Fax NO.: (213) 612-5712
9 |

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | FOR THE CENTREAIL DISTRICT OF CALIFORNIA

12 |

13 | MARCUS FUTCH,

CASE NO.: 2:14-cv-06260-JAK-#
[Assigned to for all purposes to the Hon. John A. Kronstadt]

14 | Plaintiff,

15 | vs.

**JOINT RULE 16(b)/26(f) REPORT**

16 | IMPERIAL GUARD AND DETECTIVE
SERVICES, INC., a Corporation, and DOES 1 to
17 | 25, Inclusive,

18 | Defendants.

19 |

20 |

TO THE HONORABLE JOHN M. KRONSTADT, UNITED STATES DISTRICT

21 |

22 | JUDGE:

23 | Plaintiff, MARCUS FUTCH and Defendant, IMPERIAL GUARD AND DETECTIVE

24 | SERVICES, INC., respectfully submit their Joint Rule 16(b)/26(f) Report as follows:

25 | ///

26 | ///

27 | ///

28 |

1

## I.  RULE 26(f) CONFERENCE

Pursuant to the Court's August 13, 2014 Order and pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Sergio Julian Puche, counsel for Plaintiff and Jill F. Teitelbaum, counsel for Defendant, conferred for the purpose of agreeing on a proposed plan for the initial disclosures to be exchanged on September 22, 2014. Further the parties have conferred on discovery, potential filing of motions, and pretrial and trial activities.

## II.  STATEMENT OF THE CASE

Plaintiff MARCUS FUTCH ("Plaintiff") asserts the following six causes of action in his Complaint: (1) race discrimination; (2) failure to take reasonable steps to prevent discrimination and harassment; (3) constructive discharge; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) negligence. The crux of Plaintiff's Complaint is that after suffering racial discrimination resulting in a hostile work environment, Plaintiff resigned his employment with Defendant.

Defendant, IMPERIAL GUARD AND DETECTIVE SERVICES, INC., ("Defendant") has presented no counterclaims in this matter.

Defendant's defenses are primarily that Plaintiff was not discriminated against and he voluntarily resigned before exhausting internal remedies for the perceived wrongs against him.

## III.  SUBJECT MATTER JURISDICTION

This action was removed to this court by Defendant pursuant to the provisions of 28 U.S.C §1441(b) in that it is a civil action between the citizens of different states and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. This Court has jurisdiction under §1441(b) because: (a) At all times relevant to this action Defendant is a corporation under the laws of the state of Tennessee with its principal place of business in Tennessee. Thus, Defendant is not a citizen of the State of California; (b) At all times relevant to

this action Plaintiff is a citizen of the State of California; (c) Fur the Purposes of Diversity Jurisdiction under 28 U.S.C. §1332(a), the amount in controversy in this action , exclusive of interest and costs, exceeds the sum of $75,000.00.

## IV. LEGAL ISSUES

The key legal issues in this action are whether Defendant's conduct amounted to discriminatory and harassing conduct and whether the discrimination and harassment were based on Plaintiff's skin color (black) and race (African-American). Further at issue is whether Defendant failed to protect Plaintiff from the discrimination and harassment. Additionally, at issue is whether Defendant inflicted emotional distress on Plaintiff either intentionally or negligently. Finally, at issue is whether the work environment Defendant created left Plaintiff no reasonable choice but to resign from his employment, amounting to a constructive discharge, and whether Plaintiff failed to take reasonable steps to resolve the issue internally, prior to resigning.

The parties do not foresee any unusual substantive, procedural or evidentiary issues at this time.

## V. PARTIES, AND NON-PARTY WITNESSES

a. **Plaintiff:**

Marcus Futch

b. **Defendants:**

Imperial Guard and Detective Services, Inc.

c. **Plaintiff's Percipient Witnesses:**

John Byington, Imperial Guard and Detective Services, Inc.

Jeff Turner, Imperial Guard and Detective Services, Inc.

Shirley Smith, Imperial Guard and Detective Services, Inc.

Randy Ford, Imperial Guard and Detective Services, Inc.

3

1    Chris Kassabian, Imperial Guard and Detective Services, Inc.

2    James Gorgodian, Imperial Guard and Detective Services, Inc.

3    Lorraine Mandorf, Imperial Guard and Detective Services, Inc.

4

5    Tina Thomas, Imperial Guard and Detective Services, Inc.

6    Gil Hurtado, Imperial Guard and Detective Services, Inc.

7        d.  **Defendants Percipient Witnesses**

8    John Byington, Imperial Guard and Detective Services, Inc.

9    Jeff Turner, Imperial Guard and Detective Services, Inc.

10   Shirley Smith, Imperial Guard and Detective Services, Inc.

11   Randy Ford, Imperial Guard and Detective Services, Inc.

12

13   Tom Nelson, Imperial Guard and Detective Services, Inc.

14   Nick Anderson, Imperial Guard and Detective Services, Inc.

15   Robin Genovese, Williams Sonoma

16   David Larkin, Williams Sonoma

17   **VI.DAMAGES**

18    Plaintiff claims the realistic range of provable damages is:  Two-Hundred Fifty Thousand

19   Dollars ($250,000.00).

20

21   Defendant denies all damages and intends to recover whatever fees and costs may be

22   awarded.

23   **VII.    INSURANCE**

24   Defendant has insurance coverage in this matter.

25   ///

26   ///

27   ///

28

## VIII.   MOTIONS

At this time, neither Plaintiff nor Defendant anticipates filing motions seeking to add parties or claims, file amended pleadings or transfer venue.

## IX. MANUAL FOR COMPLEX LITIGATION

This is not a complex matter and therefore it does not necessitate the procedures of the Manual for Complex Litigation to be utilized.

## X.  STATUS OF DISCOVERY

Neither Plaintiff nor Defendant has commenced discovery. However the parties plan to engage in discovery after initial disclosures have been exchanged.

## XI. DISCOVERY PLAN

Parties agree to commence written discovery after September 22, 2014. Depositions of percipient witnesses will commence shortly thereafter and the parties anticipate depositions to be completed by April 2015. The parties do not foresee the necessity of limiting discovery at this time.

## XII.   DISCOVERY CUT-OFF

The Parties propose to set the Discovery cut-off date as April 27, 2015.

## XIII.   EXPERT DISCOVERY

The Parties propose to set Expert Witness Disclosure for May 11, 2015. The Parties propose Expert Discovery cut-off date as June 8, 2015.

## XIV.   DISPOSITIVE MOTIONS

Defendant intends to file a Motion for Summary Judgment.

## XV.   SETTLEMENT

The parties engaged in pre-litigation settlement negotiations to no avail.

The parties are amenable to participating in Local Rule 16-15.4 ADR procedures 1 or 2 .

///

## XVI.   TRIAL ESTIMATE

The parties estimate trial will last approximately 7-10 days. Plaintiff anticipates calling 4-5 witnesses. Defendant anticipates calling 5-6 witnesses. Plaintiff has requested a jury.  Defendant would agree to a bench trial.

## XVII.  TRIAL COUNSEL

Plaintiff will be represented by Mauro Fiore Jr., Esq. and Sergio Julian Puche, Esq. of the Law Offices of Mauro Fiore, Jr., A.P.C.

Defendant will be represented by Jill F. Teitelbaum, Esq. of Bragg & Kuluva.

## XVIII. INDEPENDENT EXPERT OR MASTER

The Parties do not believe the court should consider appointing a Master pursuant to Rule 53 nor an independent scientific expert in this matter.

## XIX.   TIMETABLE

The parties have attached the Schedule of Pretrial and Trial Dates hereto.

## XX.    OTHER ISSUES

Parties believe bifurcation for the determination of punitive damages may be appropriate in this case. The Parties do not anticipate any other issues at this time.

## XXI.   PATENT CASES

The parties represent this is not a Patent case.

## XXII.  MAGISTRATE JUDGE

The parties do not wish to have a Magistrate Judge preside over the entire action.

///

///

///

///

6

Respectfully Submitted.

DATED:  September 15, 2014                    LAW OFFICES OF MAURO FIORE, JR.


                                              By:_____/s/_____.
                                              MAURO FIORE, JR., ESQ.
                                              SERGIO J. PUCHE, ESQ.
                                              Attorneys for Plaintiff
                                              MARCUS FUTCH


DATED:  September 15, 2014                    BRAGG & KULUVA


                                              By: _____/s/_____.
                                              JILL F. TEITELBAUM, ESQ.
                                              Attorneys for Defendant
                                              IMPERIAL GUARD AND DETECTIVE
                                              SERVICES, INC.

7